FILED
 2010 Oct-28  AM 11:24
U.S. DISTRICT COURT
   N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY PRICE, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | Case No.  7:10-cv-1223-IPJ-RRA |
| DR. HUNTER, et al., | ) ) ) | |
| Defendant | ) | |

### **MEMORANDUM OF OPINION**

The plaintiff, Timothy Price, hereinafter referred to as "the plaintiff," has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged during his incarceration at Donaldson Correctional Facility.  The magistrate judge filed a report and recommendation on September 13, 2010, recommending that this action be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.  The plaintiff filed objections to the report and recommendation on October 19, 2010 (doc. 6).

In his objections, the plaintiff contends that § 1983 does not provide a statute of limitations and that he is entitled to equitable tolling of the statute of limitations. However, the law is well settled that federal courts must look to state law to determine,

first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir.1994). All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985), *superseded by statute on other grounds*, *as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-78, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). This claim was brought in Alabama where the governing limitations period is two years. Ala.Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir.1989) (en banc). Therefore, in order to have his claim heard, the plaintiff had to bring his claim within two years from the date the limitations period began to run. *McNair v. Allen*, 515 F.3d 1168, 1173 (11$^{th}$Cir.2008). Given the plaintiff's allegations, that time period began to run in October 2005. His complaint was filed February 17, 2010. The statute of limitations had long since run at that point.

Although the plaintiff also argues that he is entitled to equitable tolling, he alleges no basis under which the same should be applicable to his claims. The court finds no grounds on which equitable tolling may apply.

Having carefully reviewed and considered de novo all the materials in the court file, including the report and recommendation and the objections thereto, the Court is

of the opinion that the magistrate judge's report it due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.

A Final Judgment in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 27th day of October, 2010.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE